```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,
     vs.                              Case No. 06-40047-01-RDR

BENJAMIN LEWIS WIELAND,

                Defendant.
_____
```

## MEMORANDUM AND ORDER

On October 25, 2006 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

Pursuant to plea agreement, the defendant pled guilty to use of a communications facility to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b) on July 21, 2006. Following the preparation of the presentence investigation report (PSIR), the defendant asserted two objections to it.

*Drug Quantity*

The defendant initially objected to the quantity of drugs used to determine his base offense level. He contended that the amount of drugs which purportedly came from an earlier statement he made to law enforcement officers was incorrect. He asserted that he had actually purchased about one half of the amount noted in the PSIR.

During the sentencing hearing, the defendant offered a

portion of the earlier videotaped interview with law enforcement officers. During that interview, he indicated that he had only purchased cocaine "a couple of times a week" rather than every day as set forth in the PSIR. The government offered no evidence to counter that presented by the defendant.

Based upon the evidence presented, the court finds that the defendant's objection must be sustained. The court finds that the amount of drugs attributed to the defendant in the PSIR is inaccurate. The appropriate amount is roughly one half of the amount stated in the PSIR, or approximately 100 to 150 grams of cocaine. This amount results in a decrease in the defendant's base offense level from 20 to 18.

*Criminal History*

The defendant next objected to the addition of two criminal history points, arguing that the instant offense was not committed while he was on probation. He argued that the instant offense was committed on March 24, 2005 after the probation had ended in his theft case from Manhattan, Kansas. The probation office disagreed, contending that his probation continued during the period of the defendant's relevant conduct in this case. The probation office pointed out that the guidelines provide for the addition of two points when an offense is committed while under probation and the instant offense includes relevant

conduct.

A review of the evidence shows that the instant offense was committed while the defendant was on probation, when the court considers relevant conduct as it must under U.S.S.G. § 4A1.1. Accordingly, this objection must be denied.

**MOTION FOR DOWNWARD DEPARTURE**

The defendant sought a downward departure, contending that the quantity of drugs attributable to him was unfairly stacked due to the length of the government's investigation.  The defendant suggested that he is just a drug user, and the amount of drugs would have been much less if his arrest had not been delayed to allow the investigation to continue.  The defendant argued that no useful purpose would be served by incarceration.

The government disputed that the charges against the defendant were delayed.  The government asserted the charges were filed when the defendant's involvement was determined.  The government argued that the drug amounts were not stacked, but rather were based upon the statement made by the defendant following his arrest.  The government argued that an 18 to 24-month sentence was appropriate.

In determining the sentence, the court carefully consulted the application of the guidelines and took them into account. With the aforementioned change in the quantity of drugs, the

defendant's guideline range is 18 to 24 months.  Initially, the court notes that we find little merit to the defendant's contention that the drug amounts were stacked in this case.  It appears that the charges were filed once the defendant's involvement was determined.  There was no effort by the government to attempt to enhance the defendant's sentence through delay.  The court also notes, however, that the defendant's role in this matter was limited and that he was essentially a drug addict.  Nevertheless, the court must also consider the fact that the defendant was on probation when he became involved in this matter.  After carefully reviewing all of the circumstances set forth in 18 U.S.C. § 3553(e), the court has decided that the appropriate sentence for this case is a period of incarceration of twelve months and one day.  The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.  Further, the court believes that this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing

disparities among defendants who have been found guilty of similar conduct.

In reaching this determination, the court would like to mention that we commend the efforts of the defendant since his arrest in this case. He has made significant progress, and the court is confident that this progress can be continued during his period of incarceration. The letters offered by the defendant provided the court with much food for thought since they were well-written and thoughtful. The court appreciates the work of counsel for both sides in providing the court with a thorough look at this matter.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2006 at Topeka, Kansas.

                                                s/Richard D. Rogers
                                                United States District Judge